IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Lemond C. Holland, | ) | |
| | ) | C.A. No. 0:17-3286-HMH-PJG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Bryan Stirling, Commissioner, | ) | |
| South Carolina Department of | ) | |
| Corrections; Scott Lewis, Warden, | ) | |
| Perry Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Lemond C. Holland ("Holland") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Gossett recommends granting the Respondents' motion for summary judgment and denying Holland's petition.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In April 2006, Holland was indicted in South Carolina state court for murder, assault and battery with intent to kill, and possession of a weapon during the commission of a violent crime.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(Return & Mem. Attach. 3 (App'x 552-60), ECF No. 10-3.)  After a jury trial held June 11-13, 2007, Holland was convicted on all counts and sentenced to 55 years' imprisonment.  (Id. Attach. 2 (App'x 377), ECF No. 10-2.)  Holland was represented by Robert N. Richardson, Jr., Esquire, and Jeffrey E. Johnson, Esquire (collectively "Trial Counsel").  (Id. Attach. 1 (App'x 1), ECF No. 10-1.)

On November 17, 2008, Holland appealed his conviction.  (Id. Attach. 2 (App'x 397), ECF No. 10-2.)  On August 18, 2009, the South Carolina Court of Appeals affirmed the trial court's decision in a published opinion.  (Id. Attach. 2 (App'x 453), ECF No. 10-2.)  Holland filed a petition for a writ of certiorari with the South Carolina Supreme Court, which was denied.  (Return & Mem. Attach. 3 (App'x 530-31), ECF No. 10-3.)  On February 10, 2012, the South Carolina Court of Appeals issued a remittitur.  (Id. Attach. 2 (App'x 480), ECF No. 10-2.)

On January 18, 2013, Holland filed an application for post-conviction relief ("PCR").  (Id. Attach. 3 (App'x 539), ECF No. 10-3.)  At the evidentiary hearing held on February 3, 2015, Holland raised claims that trial counsel was ineffective for failing to adequately question the forensic pathologist about another witness's testimony, providing improper advice to Holland about testifying in his own defense, and failing to present the assault victim's testimony.  (Id. Attach. 3 (App'x 661), ECF No. 10-3.)  The PCR court granted relief on Holland's claims that trial counsel failed to adequately question the forensic pathologist and failed to present the assault victim's testimony.  (Return & Mem. Attach. 3 (App'x 642-44), ECF No. 10-3.)  The respondent moved to alter or amend the PCR court's order.  (Id. Attach. 3 (App'x 646-52), ECF No. 10-3.)  On August 28, 2015, the PCR court granted respondent's motion and dismissed

Holland's PCR application, finding trial counsel was not ineffective on the claims upon which the court had previously granted relief. (Id. Attach. 3 (App'x 665-70), ECF No. 10-3.)

On May 23, 2016, Holland filed a petition for writ of certiorari with the South Carolina Supreme Court. (Id. Attach. 5 (Pet. for Writ of Cert.), ECF No. 10-5.) On March 2, 2017, the South Carolina Supreme Court transferred the petition to the South Carolina Court of Appeals. (Id. Attach. 8 (Mar. 2, 2017 Order), ECF No. 10-8.) On September 28, 2017, the South Carolina Court of Appeals denied Holland's petition for writ of certiorari. (Return & Mem. Attach. 9 (Sept. 28, 2017 Order), ECF No. 10-9.)

Holland filed the instant § 2254 petition on December 6, 2017,[2] raising ineffective assistance of counsel claims. (§ 2254 Pet. 12-14, ECF No. 1.) On February 15, 2018, Respondents filed a motion for summary judgment. (Mot. Summ. J., ECF No. 11.) Holland responded in opposition on March 5, 2018. (Resp. Opp'n Mot. Summ. J., ECF No. 16.) On March 12, 2018, Respondents replied. (Reply, ECF No. 17.) Magistrate Judge Gossett issued a Report and Recommendation on March 30, 2018, recommending granting Respondents' motion for summary judgment and denying Holland's petition. (R&R 22, ECF No. 18.) Holland filed timely objections to the Report and Recommendation on April 12, 2018. (Pet'r Objs., ECF No. 19.) Respondents filed timely objections to the Report and Recommendation on April 13, 2018. (Resp't Objs., ECF No. 20.) This matter is ripe for consideration.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

## B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

5

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court was able to glean one specific objection by Holland. Holland specifically objects that the magistrate judge erred in finding that the PCR court's decision that trial counsel was not ineffective for failing to adequately cross-examine or recall Dr. Edward Proctor, Jr. ("Dr. Proctor"), the forensic pathologist, was not contrary to or an unreasonable application of existing law. (Pet'r Objs. 2, ECF No. 19.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Holland must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Holland must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

The magistrate judge found that the PCR court's finding that trial counsel was not ineffective for failing to adequately cross-examine or recall Dr. Proctor was not contrary to or an

6

unreasonable application of existing law because his testimony was neutral regarding whether Holland shot the victim. (R&R 20-22, ECF No. 18.) Holland argues that the further examination of Dr. Proctor would have demonstrated that "someone other than [Holland] must have been the shooter." (Pet'r Objs. 2, ECF No. 19.) However, ultimately, Dr. Proctor concluded he could not make a determination of whether Holland could have shot the victim without witnessing the shooting. (Return & Mem. Attach. 3 (App'x 666), ECF No. 10-3.) The PCR court examined trial counsel's performance under the standard set forth in Strickland and found that trial counsel was not ineffective. (Id. Attach. 3 (App'x 664-67), ECF No. 10-3.)

Upon review, the PCR court's decision was reasonable. First, the PCR court properly applied Strickland in evaluating counsel's performance. (Id. Attach. 3 (App'x 664-67), ECF No. 10-3.) Second, the PCR court found that trial counsel credibly testified that he did not believe further cross-examination of Dr. Proctor was necessary to the case as a strategic matter. (Id. Attach. 3 (App'x 666), ECF No. 10-3); see McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance.") (citing Strickland, 466 U.S. at 689). Third, the PCR court found that Holland failed to demonstrate that further cross-examination of Dr. Proctor would have changed the outcome of his trial. (Id. Attach. 3 (App'x 666), ECF No. 10-3.) Moreover, the PCR court determined that Dr. Proctor's testimony was equivocal, and Holland fails to rebut this presumption with clear and convincing evidence. (Return & Mem. Attach. 1 (App'x 666), ECF No. 10-3); see also 28 U.S.C. § 2254(e)(1).

Lastly, the evidence of Holland's guilt was overwhelming. Witnesses observed Holland and the victim in an altercation inside the bar. (Return & Mem. Attach. 1 (App'x 67), ECF No. 10-1.) Holland's associate testified that he observed Holland walk to his vehicle, reach inside the vehicle, and run toward the passenger side of the victim's girlfriend's vehicle, where the victim was sitting. (Id. Attach. 1 (App'x 103-06), ECF No. 10-1.) Holland's associate testified that he had seen Holland with a semi-automatic handgun in his vehicle a few weeks prior to the shooting. (Id. Attach. 1 (App'x 104-05), ECF No. 10-1.) Further, the victim's girlfriend observed Holland with a handgun before Holland pulled the victim out of the vehicle. (Id. Attach. 1 (App'x 71-73), ECF No. 10-1.) Witnesses observed Holland and the victim grabbing each other and locking arms, and observed Holland hitting the victim over the head. (Id. Attach. 1 (App'x 73, 248, 257), ECF No. 10-1.) Witnesses testified that Holland was the only person near the victim at the time he was shot. (Return & Mem. Attach. 1 (App'x 258, 669), ECF No. 10-1.) Based on the foregoing, the magistrate judge did not err in finding that the PCR court's decision was not contrary to or an unreasonable application of existing law. As a result, Holland's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein.[3]

---

[3] Having rejected Holland's objections to the Report and Recommendation and granting Respondents' motion for summary judgment, the court finds it unnecessary to address Respondents' objections that Holland's petition is barred by the statute of limitations and that ground two of the petition is procedurally barred. Moreover, upon review, the court finds these objections to be without merit.

It is therefore

**ORDERED** that Respondents' motion for summary judgment, docket number 11, is granted, and Holland's § 2254 petition, docket number 1, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Holland has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                          s/Henry M. Herlong, Jr.
                                                          Senior United States District Judge

Greenville, South Carolina
April 24, 2018